UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LINDA L. GRIFFIN,
a/k/a Linda Griffin,
a/k/a Pink Sunshine Group,
a/k/a LG Associates of Oakland Co.,

    *Plaintiff*,                          CASE NO. 09-CV-12459

*v*.                                  DISTRICT JUDGE THOMAS LUDINGTON
                                    MAGISTRATE JUDGE CHARLES BINDER

JP MORGAN CHASE BANK NA,
ANDREW SMITH, Officer;
ELIZABETH A. SHEREN,
Notary, Trott & Trott, P.C.; and
TROTT & TROTT,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT TROTT & TROTT'S MOTION FOR JUDGMENT**
(Doc. 7)
**DEFENDANTS SHEREN, JP MORGAN CHASE BANK, AND SMITH'S MOTION
FOR PARTIAL DISMISSAL**
(Doc. 11)
**AND PLAINTIFF'S MOTION TO AMEND COMPLAINT**
(Doc. 9)

I.      **RECOMMENDATION**

    **IT IS RECOMMENDED** that the notice of removal and complaint be dismissed for lack of subject matter jurisdiction; in the alternative, it is recommended that Defendants' motions be granted and that Plaintiff's motion be denied.

## II. REPORT

### A. Background

By order of U.S. District Judge Thomas L. Ludington, this civil rights case was referred to the undersigned magistrate judge for general pretrial case management on June 30, 2009. (Doc. 5.) The *pro se* complaint was originally filed in Huron County Circuit Court on March 27, 2009. The case was removed to this Court on June 22, 2009, based on federal question jurisdiction because the complaint alleges violations of the Federal Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq*. (Doc. 1.) Plaintiff's complaint alleges that Defendants forged a signature on a mortgage note which she contends led to a foreclosure on the mortgage and resulting harm to Plaintiff's credit.

Three motions are currently before the Court. Defendant Trott & Trott filed a "motion for judgment due to Plaintiff's failure to state a claim upon which relief can be granted," i.e., a motion to dismiss, on July 13, 2009. (Doc. 7.) Defendants Chase, Smith and Sheren filed a motion for partial dismissal on August 18, 2009. (Doc. 11.) Apparently because Defendants Chase, Smith and Sheren had sought concurrence in the motion, Plaintiff responded to their motion for partial dismissal (Doc. 10)[1] before the motion for partial dismissal had actually been filed. (Doc. 11.) Defendants Chase, Smith and Sheren responded to Plaintiff's motion to strike (Doc. 10), indicating that the motion to strike should be treated as a response to their motion for partial dismissal. (Doc. 13.) Plaintiff also filed a motion to amend her complaint on August 14, 2009, and Defendants Chase, Smith, and Sheren responded to that motion. (Doc. 14.) Upon review of the documents,

---

[1]Although this was entitled a motion to strike Defendant Trott & Trott's motion, it is substantively a response and will be treated as such,

I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), these motions are ready for Report and Recommendation without oral argument.

### B.     Removal Based Upon Federal Question Jurisdiction

In the instant case, the sole basis for removal was alleged federal question jurisdiction, i.e., TILA, because the parties are not diverse. "Under 28 U.S.C. § 1447(c), a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007).

Plaintiff's complaint avers that Defendants "did wilfully, wrongfully deceive and misrepresent their authority" and engaged in a "pattern of deception and fraudulent practices and a lack of fiduciary responsibility." (Doc. 1, Ex. A at 3.)  Plaintiff attached copies of deeds, the mortgage, affidavit of publication and the like with text boxes indicating who she considers "co-participants of fraud," dates she believes are erroneous, the absence of her husband's name on the legal description of the property, and contrasting her husband's signature on other documents that he actually signed. (*Id.* at 4-42.)  Plaintiff's proposed amended complaint avers that the subject mortgage was "counterfeit," falsely made, and not genuine. (Doc. 9 at 2.)  Plaintiff argues that Chase and its employees "forged signatures on . . . [the] mortgage note, promissory note and loan application." Plaintiff also alleges that TILA's limitation period should not apply because "there is no statute of limitations for fraud" or "fraudulent conveyance." (Doc. 9 at 3.)  Plaintiff "demand[s] that Defendant produce an irrefutable wet ink" signature of "Ralph William Griffin" to contest her "claims of forgery." (Doc. 9 at 3; Doc. 10 at 3.)

As indicated in the Notice of Removal, Plaintiff was permitted to file an amended complaint in the state circuit court in which "Plaintiffs, for the first time, alleged that Defendants violated the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*" (Doc. 1 at 2.)  Although Plaintiff cites TILA and

other legal principles and cases, she does not add any factual allegations nor does she connect any factual allegations to specific violations of TILA's requirements. (Doc. 1, Ex. B at 5-9.) Plaintiff mentions that Defendant Chase allowed "fraud to take place," that Defendant Smith "failed to act in a fiduciary manner for Linda L. Griffin by allowing her Husband's name to be forged upon the lending documents," and that Defendant Sheren notarized a signature "in the absence of Mr. Ralph Griffin." (Doc. 1, Ex. B at 9.) Plaintiff's Amended Complaint seeks "rescission of the disputed mortgage note(s) and money damages." (*Id.* at 10.)

Plaintiff's complaint and amended complaint both allege that the mortgage itself or at least Plaintiff's husband's signature was forged and that allowing such a forgery to persist constituted fraud and violated fiduciary duties. Neither Plaintiff's amended complaint nor any responses filed have alleged that any defendant failed to comply with the notice, disclosure or other requirements of TILA. Plaintiff has not alleged that any defendant refused to honor any rescission notice that she provided to any defendant. I suggest that Plaintiff's allegation that the relevant documents were forged removes her claims from the purview of TILA because "forged documents receive no protection under the TILA." *Walker v. Michael W. Colton Trust*, 47 F. Supp. 2d 858, 865 (E.D. Mich. 1999); *Jensen v. Ray Kim Ford, Inc.*, 920 F.2d 3, 4 (7th Cir. 1990) (affirming dismissal of TILA claim based on forged contract because TILA only provides a remedy for persons "obligated" on a valid consumer credit transaction "but does not reach the forged document which created no obligation").

If Plaintiff has no valid claim grounded in federal law, no subject matter jurisdiction exists to hear any claim for rescission or money damages. *Walker*, 47 F. Supp. 2d at 866. Therefore, I suggest that the notice of removal and Plaintiff's complaint be dismissed in its entirety and the case remanded to the state court from which it was removed.

In the event that the Court finds that subject matter jurisdiction exits, I suggest that Defendants' motions be granted under the alternative analysis set forth below. In addition, since thealternate analysis considers both the original complaint and the amended complaint filed in state court, as well asthe allegations in the motion to amend the complaint filed in this Court (Doc. 9), I further suggest that Plaintiff's motion to amend be denied as futile.

### C. Alternative Analysis

### 1. Motion Standards

In facing a motion to dismiss for failure to state a claim or for lack of jurisdiction under Rule 12(b)(6) or (1) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

The Supreme Court recently explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

  **2.**  **Defendant Trott & Trott's Motion**

In its motion to dismiss, Defendant Trott & Trott states that its firm commenced foreclosure proceedings on behalf of JP Morgan Chase Bank (Chase) and helped Chase obtain a deed to the subject property. (Doc. 7 at 4.) Defendant Trott & Trott contends that the Complaint "does not even make any allegations that Trott & Trott was involved in this alleged forgery." (Doc. 7 at 3.) Defendant Trott & Trott further argues that even the proposed Amended Complaint fails to mention Trott & Trott in any factual allegations such that its only mention is in the caption. (Doc. 7 at 3-4.) Finally, Defendant notes that "it is difficult to even conceive of any facts that could be

6

developed under Plaintiff's basic theory in this case that would create liability on behalf of Trott & Trott based on either fraud or any alleged TILA violations."  (Doc. 7 at 4.)

Where a complaint fails to allege any facts showing defendant's role in the complained of conduct, the complaint fails to state a claim upon which relief can be granted, even where the plaintiff is *pro se*.  *McGuire v. Countrywide Home Loans, Inc.*, No. 06-CV-15356, 2007 WL 4239281, at *3 (E.D. Mich. Nov. 30, 2007); *Grinage v. Hofbauer*, No. 107-CV-41, 2007 WL 1341776, at *1 (W.D. Mich. May 4, 2007) ("A *pro se* complaint that merely names persons as defendants but fails to allege any specific conduct against them is subject to summary dismissal as frivolous."); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991) ("The allegations of plaintiff's complaint are insufficient to establish that defendants . . . were personally involved in the allegedly wrongful activity, even under the liberal review accorded *pro se* actions [where] . . . the only mention of defendants . . . is in the caption of plaintiff's complaint"); *Thompson v. Theut*, No. 2:06CV258, 2007 WL 773392, at *4 (W.D. Mich. Jan. 8, 2007) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.").

Since the body of Plaintiff's complaint makes no mention of Defendant Trott & Trott, let alone any mention of how Defendant Trott & Trott participated in any alleged wrongful conduct, I suggest that Defendant Trott & Trott's motion to dismiss be granted for failure to state a claim upon which relief can be granted against it.

### 3. **Defendant Chase's Motion**

Defendant Chase, Smith and Sheren's (collectively referred to as Chase) motion for partial dismissal challenges Plaintiff's request for monetary damages because the TILA bars monetary damage claims brought more than one year after the alleged violation of the Act and that the

instant mortgage was executed on October 16, 2007, and recorded on October 31, 2007, citing 15 U.S.C. §1640(e). (Doc. 11 at 1, 11; Ex. C.) Defendant Chase's motion notes that Plaintiff has also sought rescission of her note and mortgage as well as monetary damages; thus, the motion is for partial dismissal. (Doc. 11 at 8.) Defendant Chase clarifies that it provided Plaintiff with financing for the subject property located in Huron County, Michigan, that Defendant Smith was employed by Chase and may have assisted Plaintiff with her personal banking matters, and that Defendant Sheren is employed by Chase and that he notarized the mortgage at issue. (Doc. 11 at 9.)

The applicable federal statute provides that any action be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiff's claim that the mortgage was forged should have been brought within one-year of the alleged forgery, i.e. prior to either the date of execution of the mortgage (October 16, 2007) or the date recorded (October 31, 2007). Since the instant complaint was not filed in Huron County until March 27, 2009, Plaintiff has not met the one-year statute of limitations under the TILA. I therefore suggest that Defendant Chase's motion for partial dismissal be granted.

### 4.      **Plaintiff's Motion to Amend**

When a party wishes to amend a pleading after the opposing party's responsive pleading has been served, it may only do so by leave of court or by written consent of the adverse party. FED. R. CIV. P. 15(a). When a motion for leave to amend is before the Court, Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.* "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality," *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995), because, despite the Rule's liberality, leave to amend "is by no means

8

automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992). The decision to grant or deny a motion to amend pleadings is left to the sound discretion of the district court. *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

> When determining whether to grant leave to amend, the court is to consider several factors:
>
> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

In the instant case, Plaintiff has been given an opportunity to amend at the state court level and the allegations in her motion to amend do not add any claims, parties, or facts, let alone any facts that allege any wrongdoing on the part of Defendant Trott & Trott. I therefore suggest that any attempted amendment would be futile and further suggest that the motion to amend be denied.

### D. Conclusion

For all the reasons stated above, I suggest that the case be dismissed and remanded for lack of subject matter jurisdiction. If the court finds subject matter jurisdiction exists, I suggest that Defendants' motions be granted and that Plaintiff's motion to amend be denied as futile.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474

U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                   s/ *Charles E. Binder*
                                                   CHARLES E. BINDER
Dated: September 21, 2009                United States Magistrate Judge

**CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served upon counsel of record via the Court's ECF system, and was mailed by the U.S. Postal Service to the following non-ECF participant: Linda L. Griffin, 16118 Lancaster Way, Holly, MI 48442.

Date: September 21, 2009                      By    s/Patricia T. Morris
                                                                Law Clerk to Magistrate Judge Binder