UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LINDA L. GRIFFIN aka Linda Griffin,
Pink Sunshine Group, and LGAssociates of
Oakland Co,

        Plaintiff,        Case Number 09-12459-BC
                                    Honorable Thomas L. Ludington
v.                                     Magistrate Judge Charles E. Binder

JP MORGAN CHASE BANK NA,
ANDREW SMITH, ELIZABETH A.
SHEREN, TROTT & TROTT,

        Defendants.
                                     /

**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, SUSTAINING THE CHASE DEFENDANTS' OBJECTIONS, GRANTING THE CHASE DEFENDANTS' MOTION FOR PARTIAL DISMISSAL, GRANTING IN PART AND DENYING IN PART DEFENDANT TROTT AND TROTT'S MOTION FOR JUDGMENT FOR FAILURE TO STATE A CLAIM, DENYING PLAINTIFF'S MOTIONS TO AMEND COMPLAINT, DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY, DENYING PLAINTIFF'S MOTION TO STRIKE, DISMISSING WITH PREJUDICE PLAINTIFF'S FEDERAL TILA CLAIMS, AND REMANDING PLAINTIFF'S STATE LAW FRAUD CLAIMS TO HURON COUNTY CIRCUIT COURT**

On or about March 27, 2009, Plaintiff Linda Griffin filed a complaint in Huron County Circuit Court alleging state law claims for fraud. On June 5, 2009, Plaintiff filed an amended complaint, including allegations that Defendants JP Morgan Chase Bank NA ("Chase"), Andrew Smith, and Elizabeth Sheren (collectively, "Chase Defendants"); and Trott & Trott PC violated the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. On June 22, 2009, Defendants removed the case based on federal question jurisdiction. The matter is now before the Court on a report and recommendation [Dkt. # 16] issued by Magistrate Judge Charles E. Binder on September

21, 2009. The magistrate judge recommends that the Court dismiss the notice of removal and complaint for lack of federal subject matter jurisdiction. Alternately, the magistrate judge recommends that the Court grant Defendant Trott & Trott's motion for judgment for failure to state a claim [Dkt. # 7], grant the Chase Defendants motion for partial dismissal [Dkt. # 11], and deny Plaintiff's motion to amend complaint [Dkt. # 9]. The magistrate judge also recommends that Plaintiff's motion to strike [Dkt. # 10] be construed as a response to Defendant Trott & Trott's motion. For the reasons stated below, the report and recommendation will be adopted in part and rejected in part.

I

Generally, this case arises from a mortgage purportedly entered into by Plaintiff and Chase on October 16, 2007. Apparently, the mortgage created a security lien interest in Chase's favor upon Plaintiff's property in Elkton, MI. The mortgage was foreclosed, and Chase obtained a sheriff deed for the property on September 30, 2008. Defendant Trott &Trott was Chase's foreclosure attorney of record for the sheriff sale. Plaintiff alleges that her husband's signature on the mortgage note was a forgery. Plaintiff alleges that Defendant Smith, who was a Chase employee at the time, allowed the forgery to occur. Plaintiff further alleges that Defendant Sheren, the notary public who notarized the signatures of Plaintiff and her husband, also allowed the forgery to occur.

Defendant Trott & Trott contends that all of Plaintiff's claims against it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff has not plead any facts or allegations to support Defendant Trott & Trott's liability, as opposed to the liability of the Chase Defendants. The Chase Defendants contend that Plaintiff's TILA claims should be dismissed because they are barred by TILA's one year statute of limitations. *See* 15 U.S.C. § 1640(e), sentence

1 ("Any action under this section may be brought . . . within one year from the date of the occurrence of the violation."). The Chase Defendants did not challenge Plaintiff's state law fraud claims in their motion for partial dismissal.

In response, Plaintiff contends that the one-year statute of limitations is not applicable and contends that a three-year statute of limitations is applicable. *See id.* § 1640(e), sentence 3 ("An action to enforce a violation of section 1639 of this title may also be brought by the appropriate State attorney general . . . not later than 3 years after the date on which the violation occurs."). Notably, the statutory provision to which Plaintiff refers involves civil actions instituted by state attorney generals, not private individuals. Plaintiff also contends that the one-year statute of limitations does not apply to her fraud claims.

In the report and recommendation, the magistrate judge concluded that the Court lacked federal subject matter jurisdiction because Plaintiff has not stated a valid TILA claim or any other federal claim. In the alternative, if federal jurisdiction exists, the magistrate judge recommends that Plaintiff's TILA claims should be dismissed pursuant to Rule 12(b)(6). In support of his conclusions, the magistrate judge found that Plaintiff's amended complaint does not connect any factual allegations to specific violations of TILA's requirements. Further, the magistrate judge found that Plaintiff's allegations that the relevant documents were forged removes her claims from the purview of TILA because "forged documents receive no protection under the TILA." *Walker v. Michael W. Colton Trust* 47 F. Supp. 2d 858, 865 (E.D. Mich. 1999).

The magistrate judge also recommends that Plaintiff's TILA claims should be dismissed against Defendant Trott & Trott because Plaintiff's amended complaint does not mention Defendant Trott & Trott or how Defendant Trott & Trott participated in any alleged wrongful conduct. For the

same reasons, the magistrate judge recommends that the Court dismiss Plaintiff's state-law fraud claims against Defendant Trott & Trott. Additionally, the magistrate judge recommends that Plaintiff's TILA claims should be dismissed against the Chase Defendants because, pursuant to 15 U.S.C. § 1640(e), Plaintiff's claims that the mortgage was forged must have been brought within one year of the date of alleged execution of the mortgage (Oct. 16, 2007) or the date the mortgage was recorded (Oct. 31, 2007). Finally, the magistrate judge recommends that the Court should deny Plaintiff's motion to amend the complaint because Plaintiff has already amended the complaint once, and the allegations in her motion to amend do not add any claims, parties, or facts.

II

On September 28, 2009, Plaintiff filed objections [Dkt. # 19] to the report and recommendation. Plaintiff largely contends that she should be entitled to discovery on her claims before they are dismissed by the Court. Plaintiff asserts that if she were allowed to pursue discovery, she would then be able to amend the complaint to allege facts supporting her claims. However, before a plaintiff is entitled to obtain discovery, she must allege plausible claims for relief, not assert bare legal conclusions.

Moreover, while it is generally true that pro se pleadings are liberally construed, "courts need not conjure up unpleaded facts to support . . . conclusory [allegations]." *Hurney v. Carver*, 602 F.2d 993, 995 (1st Cir.1979) (quoting *Slotnick v. Striviskey*, 560 F.2d 31, 33 (1st Cir.1977), cert. denied, 434 U.S. 1077 (1978)). *See also Taylor v. Johnson*, 762 F.2d 1012 (table), 1985 WL 13176, at *1 (6th Cir. Apr.3, 1985) (affirming the district court's dismissal of the pro se plaintiff's complaint when "there were no factual averments to support the conclusory allegations of discrimination," and citing *Hurney*, 602 F.2d at 995). Here, Plaintiff has not plead sufficient factual allegations to

withstand a 12(b)(6) motion to dismiss, nor has she identified such allegations in her motion to amend the complaint. Thus, Plaintiff's objections will be overruled.

On October 2, 2009, the Chase Defendants filed objections [Dkt. # 21] to the report and recommendation. On October 9, 2009, Plaintiff filed a response to the Chase Defendants' objections [Dkt. # 24]. The Chase Defendants object to the magistrate judge's conclusion that the Court lacks subject matter jurisdiction over Plaintiff's claims. While acknowledging that Plaintiff's TILA claims are generally vague, the Chase Defendants contend that the allegations are sufficient to confer subject matter jurisdiction on the Court. Thus, the Chase Defendants contend that Plaintiff's TILA claims should be dismissed pursuant to Rule 12(b)(6). The Chase Defendants' objection will be sustained. While Plaintiff's TILA claims do not withstand a motion to dismiss pursuant to Rule 12(b)(6), they are not so obviously lacking in merit to deprive the Court of subject matter jurisdiction.

Based on the above, Plaintiff's TILA claims against the Chase Defendants and Defendant Trott & Trott will be dismissed pursuant to Rule 12(b)(6). Although the magistrate judge made recommendations related to Plaintiff's state-law fraud claims against Defendant Trott & Trott, the Court will decline to exercise jurisdiction over Plaintiff's state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Washington v. Starke*, 855 F.2d 346, 351 (6th Cir. 1988) ("It is a clear rule of this circuit that if a plaintiff has not stated a federal claim, his pendant state law claims should be dismissed."). Plaintiff's state-law fraud claims against the Chase Defendants and Defendant Trott & Trott will be remanded to state court.

Subsequent to the magistrate judge's issuance of the report and recommendation, Plaintiff filed another motion to amend the complaint [Dkt. # 17] and a motion to compel discovery [Dkt. #

18] on September 24, 2008. The Chase Defendants filed respective responses [Dkt. # 22, 23] on October 8, 2008. Plaintiff's motion to amend the complaint does not identify any specific additional claims or factual allegations that she would assert in an amended complaint. Thus, Plaintiff's motion to amend the complaint will be denied. Additionally, Plaintiff's motion to compel discovery will be denied as premature because Plaintiff did not serve Defendants with any discovery requests prior to filing her motion.

IV

Accordingly it is **ORDERED** that the report and recommendation of the magistrate judge [Dkt. # 16] is **ADOPTED IN PART** and **REJECTED IN PART**.

It is further **ORDERED** that Plaintiff's objections [Dkt. # 19] are **OVERRULED** and that the Chase Defendants objections [Dkt. # 21] are **SUSTAINED**.

It is further **ORDERED** that Defendant Trott & Trott's motion for judgment for failure to state a claim [Dkt. # 7] is **GRANTED IN PART** and **DENIED IN PART**.

It is further **ORDERED** that the Chase Defendants motion for partial dismissal [Dkt. # 11] is **GRANTED**.

It is further **ORDERED** that Plaintiff's motions to amend the complaint [Dkt. # 9, 17] are **DENIED**.

It is further **ORDERED** that Plaintiff's motion to compel discovery [Dkt. # 18] is **DENIED**.

It is further **ORDERED** that Plaintiff's motion to strike [Dkt. # 10] is **DENIED**.

It is further **ORDERED** that Plaintiff's federal TILA claims against the Chase Defendants and Defendant Trott & Trott are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's state law fraud claims against the Chase Defendants and Defendant Trott & Trott are **REMANDED** to Huron County Circuit Court.

                    s/Thomas L. Ludington
                    THOMAS L. LUDINGTON
                    United States District Judge

Dated: November 25, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 25, 2009.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS